**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| FIBER, LLC,<br>a Wyoming limited liability company,<br><br>        Plaintiff,<br><br>   v.<br><br>VIAVI SOLUTIONS INC.<br>(formerly JDS Uniphase Corporation);<br>LUMENTUM HOLDINGS INC.;<br>LUMENTUM INC.; and,<br>LUMENTUM OPERATIONS LLC,<br>a Delaware limited liability company,<br><br>        Defendants. | Civil Action Case No.: <u>15-cv-1743</u> |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff, Fiber, LLC, a Wyoming limited liability company ("Plaintiff"), through its counsel Lewis Brisbois Bisgaard & Smith, LLP, submits the following Complaint for Patent Infringement and Jury Demand, alleging as follows:

**INTRODUCTION**

1. This is an action for patent infringement and damages under the United States patent laws, 35 U.S.C. § 271 *et seq.* Plaintiff is a Colorado-based company that has been dedicated to the advancement of optical fiber optic switching technology. Plaintiff is the exclusive assignee of patents that disclose technology that is instrumental to photonic switch products. Defendant Viavi Solutions Inc. (formerly JDS Uniphase Corporation ("JDSU")) ("Viavi") previously made, used, offered for sale and sold within the United States and imported into the United States products infringing on Plaintiff's patents-in-suit. These infringing

products were part of the JDSU communications and commercial optical products ("CCOP") JDSU business segment.  JDSU transferred certain of its assets and liabilities to Defendant Lumentum Operations LLC, including its CCOP business segment.  Defendant Lumentum Operations LLC ("Lumentum Operations") makes, uses, offers for sale and/or sells within the United States and/or imports into the United States products infringing Plaintiff's patents-in-suit.  Defendant Lumentum Inc. owns one-hundred percent (100%) of the membership interest in Lumentum Operations.  Defendant Lumentum Holdings Inc. ("Lumentum Holdings") holds all common stock and Series B preferred stock in Lumentum Inc. (collectively, Viavi, Lumentum Operations, Lumentum Inc. and Lumentum Holdings are referred to as "Defendants").  As a result, JDSU contributed its CCOP business to Lumentum Operations prior to changing its name to Viavi, Viavi now retains a percentage of Lumentum Holdings.

## THE PARTIES

2.   Plaintiff is a Wyoming corporation with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 80293.  Plaintiff is registered to do business in Colorado as a foreign limited liability company.

3.   Defendant Viavi is a Delaware corporation with its principal place of business at 430 North McCarthy Boulevard, Milpitas, CA 95035.  Viavi was formerly JDSU.

4.   Defendant Lumentum Holdings is a Delaware corporation with its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

5.   Defendant Lumentum Inc. is a Delaware Corporation with its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

6.   Defendant Lumentum Operations is a Delaware limited liability company with its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

## JURISDICTION AND VENUE

7. This is an action for patent infringement and for damages under United States patent laws, 35 U.S.C. §§ 271, *et seq*. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants. Defendants conduct continuous and systematic business in the United States including in this judicial District. Defendants market, manufacture, offer for sale, sell, distribute and/or import the infringing products at issue in this case throughout the United States including within this judicial District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendants are subject to personal jurisdiction within this District, have committed acts of infringement of the patents-in-suit in this District and transact business within this District.

## GENERAL ALLEGATIONS AND PATENTS-IN-SUIT

10. On May 12, 1999, Patent Application No. 09/310,285 ("the '285 Application") was filed with the U.S. Patent and Trademark Office ("USPTO") to protect the invention of Herzel Laor, David A. Krozier, and Leo A. Plouffe entitled "OPTICAL SWITCHING APPARATUS", which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998. On August 6, 2002, the USPTO issued United States Patent No. 6,430,332 B1 ("the '332 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '285 Application. The ownership rights to the invention disclosed and claimed in the '332 Patent have been assigned to Plaintiff as exclusive assignee in an assignment recorded with the USPTO. A copy of the '332 Patent is attached as **Exhibit 1** and incorporated herein by reference.

11. On June 17, 2002, Patent Application No. 10/197,636 ("the '636 Application") was filed with USPTO as a Continuation Application of the '285 Application to protect the

invention of Herzel Laor, David A. Krozier, and Leo A. Plouffe entitled "OPTICAL SWITCHING APPARATUS", which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998. On August 22, 2006, the USPTO issued United States Patent No. 7,095,917 B2 ("the '917 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '636 Application. The ownership rights to the invention disclosed and claimed in the '917 Patent have been assigned to Plaintiff as exclusive assignee in an assignment recorded with the USPTO. A copy of the '917 Patent is attached as **Exhibit 2** and incorporated herein by reference.

12. Defendants are and/or have engaged in the business of manufacturing, using, distributing, offering for sale, selling and importing photonic switches that infringe the '332 Patent and the '917 Patent (the "Infringing Products"). The Infringing Products include, without limitation, products marketed and sold by Defendants such as 1) ROADM, 100 GHz, 1x2/1x4 WSS, Mini; 2) ROADM, 100 GHz, 1x9 WSS, Mini; 3) ROADM, 50 GHz, 1x9 WSS, Mini; 4) TrueFlex 1x9 Wavelength Selective Switch; 5) TrueFlex Twin High Port Count Wavelength Selective Switch (Twin WSS); 6) TrueFlex Twin Multi-Cast Switch; and 7) ROADM-on-a-Blade among other Wavelength Selective Switch (WSS) and Reconfigurable Optical Add-Drop Multiplexer (ROADM) products.

13. Upon information and belief, Defendants market, offer for sale, sell, and/or distribute the Infringing Products or have done so throughout the United States, including in Colorado.

14. Defendants, through JDSU, became aware of the existence of the '332 Patent and the '917 Patent at least as early as late 2012 or early 2013. Despite Defendants' and JDSU's actual knowledge of the patents-in-suit and the likelihood that they infringe such patents,

Defendants have continued to make, use, offer for sale, sell and distribute the Infringing Products.

15. On June 7, 2013, JDSU filed an Inter Partes Review ("IPR") petition with the Patent Trial and Appeal Board ("PTAB") challenging the patentability of Claims 101, 112, and 123-134 of the '332 Patent. The PTAB instituted an IPR for Claims 112, and 123-134, but found no reasonable likelihood of JDSU prevailing as to Claim 101. The PTAB issued an opinion on December 5, 2014 finding, among other things, Claims 125, 126, 128, 130, and 132 are valid.

16. On June 4, 2013, JDSU filed an IPR petition with the PTAB challenging the patentability of Claims 1, 27, and 53-74 of the '917 Patent. The PTAB instituted an IPR for Claims 1, and 53-74, but found no reasonable likelihood of JDSU prevailing as to Claim 27. The PTAB issued an opinion on December 5, 2014 finding, among other things, that Claims 67, 68, and 70 to be valid.

**FIRST CLAIM FOR RELIEF**
(Infringement of the '332 Patent)

17. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 15.

18. Defendants infringe, literally or under the doctrine of equivalents, the '332 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, distributing and/or importing the Infringing Products in the United States.

19. Defendants contributorily infringe the '332 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing the Infringing Products in the United States for use in products covered by the '332 Patent. The Infringing Products are material to the patented system, have no substantial non-infringing uses, and are known by Defendants to be especially made for infringement of the '332 Patent. Defendants sell ROADMs and WSS's, which either by

themselves, or in combination with an optical channel monitor ("OCM"), infringe the '332 Patent. ROADMs and WSSs have no substantial non-infringing uses other than as claimed in the '332 Patent. Defendants knew and know that their ROADMs and WSSs coupled with an OCM infringe the '332 Patent as evidenced, at least in part, by JDSU's institution of an IPR proceeding seeking to invalidate some of the claims of the '332 Patent.

20. Defendants induce infringement of the '332 Patent in violation of 35 U.S.C. § 271(b) by actively inducing their customers to infringe the '332 Patent by selling component products which, by themselves or when combined, infringe the '332 Patent. Defendants knew of the '332 Patent through a previous lawsuit with one of JDSU's customers, and as shown by JDSU's filing an IPR proceeding seeking to invalidate some of the claims of the '332 Patent. Defendants continued and continue to sell ROADMs, WSSs and OCMs to their customers, indicating that the products would work together, thereby infringing the '332 Patent, and knowing that their customer's acts constitute infringement of the '332 Patent.

21. Defendants' infringement of the '332 Patent has caused and will continue to cause great damage to Plaintiff. Plaintiff is thereby entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

22. Due to Defendants' willful infringement of the '332 Patent, Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

23. As a result of Defendants' infringement of the '332 Patent, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights and is now suffering the

violation of its patent rights, all of which will continue unless this Court permanently enjoins Defendants from infringing the '332 Patent under 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF
(Infringement of the '917 Patent)

24. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 22.

25. Defendants infringe, literally or under the doctrine of equivalents, the '917 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, distributing and/or importing the Infringing Products in the United States.

26. Defendants contributorily infringe the '917 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing the Infringing Products in the United States for use in products covered by the '917 Patent. The Infringing Products are material to the patented system, have no substantial non-infringing uses, and are known by Defendants to be especially made for infringement of the '917 Patent. Defendants sell ROADMs and WSSs, which either by themselves, or in combination with an OCM, infringe the '917 Patent. ROADMs and WSSs have no substantial non-infringing uses other than as claimed in the '917 Patent. Defendants knew and know that their ROADMs and WSSs coupled with an OCM infringe the '917 Patent as evidenced, at least in part, by JDSU's institution of an IPR proceeding seeking to invalidate some of the claims of the '917 Patent.

27. Defendants induce infringement of the '917 Patent in violation of 35 U.S.C. § 271(b) by actively inducing their customers to infringe the '917 Patent by selling component products which, by themselves or when combined, infringe the '917 Patent. Defendants knew of the '917 Patent through a previous lawsuit with one of JDSU's customers, and as shown by JDSU's filing an IPR proceeding seeking to invalidate some of the claims of the '917 Patent.

Defendants continued and continue to sell ROADMs, WSSs and OCMs to their customers, indicating the products would work together, thereby infringing the '917 Patent, and knowing that their customer's acts constitute infringement of the '917 Patent.

28. Defendants' infringement of the '917 Patent has caused and will continue to cause damages to Plaintiff. Plaintiff is thereby entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

29. Due to Defendants' willful infringement of the '917 Patent, Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

30. As a result of Defendants' infringement of the '917 Patent, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights, and is now suffering the violation of its patent rights, all of which will continue unless this Court permanently enjoins Defendants from infringing the '917 Patent under 35 U.S.C. § 283.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. Finding that Defendants have infringed the '332 Patent;

B. Finding that Defendants have infringed the '917 Patent;

C. Awarding Plaintiff a permanent final injunction against continuing infringement by Defendants and their respective parents, former companies, subsidiaries, divisions, officers, employees, successors, and assigns, enjoining them from making, using, selling, practicing, offering to sell, or importing the inventions disclosed in the '332 and '917 Patents;

D. Awarding Plaintiff damages adequate to compensate Plaintiff for past and future infringement in an amount that is in no event less than a reasonable royalty attorneys' fees, costs, prejudgment interest, and post-judgment interest;

E. Awarding Plaintiff an additional sum on account of the willful, intentional and deliberate character of Defendants' infringing acts pursuant to 35 U.S.C. § 284; and

F. Granting Plaintiff all other legal and equitable relief to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Fiber, LLC demands a jury trial on all issues so triable.

Dated: August 12, 2015

        Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH, LLP

        s/ *George G. Matava*
        George G. Matava
        Donald E. Lake III
        Thomas A. Dougherty
        1700 Lincoln Street, Suite 4000
        Denver, CO  80202
        Phone: (303) 861-7760
        Fax: (303) 861-7767
        Email:  george.matava@lewisbrisbois.com
                tripp.lake@lewisbrisbois.com
                thomas.dougherty@lewisbrisbois.com

        *Attorneys for Plaintiff Fiber, LLC*

ADDRESS OF FIBER, LLC:
621 17th Street, Suite 801
Denver, Colorado 80293