IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00840-PAB-KLM
    (Consolidated with Civil Action Nos. 15-cv-01743-PAB-KLM and 15-cv-02135-PAB-KLM)

---

FIBER, LLC, a Wyoming limited liability company,

    Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation,
CIENA COMMUNICATIONS, INC., a Delaware corporation, and
FINISAR CORPORATION, a Delaware Corporation,

    Defendants,

---

FIBER, LLC, a Wyoming limited liability company,

    Plaintiff,

v.

VIAVI SOLUTIONS, INC., f/k/a JDS Uniphase Corporation,
LUMENTUM HOLDINGS, INC.,
LUMENTUM INC., and
LUMENTUM OPERATIONS, LLC,

    Defendants,

---

FIBER, LLC, a Wyoming limited liability company,

    Plaintiff,

v.

ALCATEL LUCENT USA, INC., a Delaware corporation, and
FINISAR CORPORATION, a Delaware corporation,

    Defendants.

# ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Final Judgment of Invalidity and Non-Infringement of the '917 and '332 Patents and to Dismiss All Counterclaims [Docket No. 198]. This case involves consolidated patent infringement actions brought by plaintiff Fiber, LLC against defendants Ciena Communications, Inc., Ciena Corporation, Viavi Solutions Inc. f/k/a JDS Uniphase Corporation, Lumentum Holdings Inc., Lumentum Inc., Lumentum Operations LLC, Alcatel-Lucent USA Inc., and Finisar Corporation.[1] The parties move for the entry of a final judgment of invalidity and non-infringement as to all asserted claims of the patents-in-suit. Having reviewed the parties' stipulations and being fully advised in the premises, the Court **FINDS** as follows:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The patents-in-suit are U.S. Patent No. 6,430,332 B1 (the "'332 Patent") and U.S. Patent No. 7,095,917 B2 (the "'917 Patent") (collectively, "the Patents"). Plaintiff asserts that it is the exclusive assignee of the Patents and thus possesses ownership rights to the inventions disclosed and claimed in the Patents.

3. Plaintiff alleges that defendants infringe claims 27, 32, and 39 of the '917 Patent; claims 67, 68, and 70 of the '917 Patent, which all depend from claim 53 and

---

[1]Plaintiff did not sue Finisar Corporation, which joined two of the consolidated cases as an intervenor defendant. See Docket Nos. 85, 89; Case No. 15-cv-02135, Docket Nos. 40, 44.

certain of its dependent claims; and claims 125, 126, 130, and 132 of the '332 Patent, which all depend from independent claim 123 and certain of its dependent claims. These claims are referred to collectively in this order as the "asserted claims."

4. In an order dated September 6, 2017 [Docket No. 191] (the "Claim Construction Order"), the Court construed numerous disputed terms found in the asserted claims of the Patents.

5. In the Claim Construction Order, the Court determined that the term "control" is "means plus function" and that the specification does not disclose any corresponding structure. Accordingly, the Court concluded that the term "control" is indefinite. The parties stipulate and agree that the Court's finding of indefiniteness invalidates all asserted claims of the '917 Patent.

6. In the Claim Construction Order, the Court determined that the "data gathering and transmission element" is limited to the structure disclosed in U.S. Patent No. 5,177,348. The parties stipulate and agree that the Court's determination precludes a finding of infringement, either literally or under the doctrine of equivalents, of any of the asserted claims of the '917 Patent because none of defendants' products include the "data gathering and transmission element" as construed by the Court.

7. In the Claim Construction Order, the Court construed the term "positioning" to mean "changing the physical orientation of a beam directing device." The parties stipulate and agree that the Court's construction precludes a finding of infringement, either literally or under the doctrine of equivalents, of any of the asserted claims of the '917 Patent because none of defendants' products that use liquid crystal on silicon include a beam directing device that can be "positioned" as the term is

construed by the Court.

8. In the Claim Construction Order, the Court determined that the term "substantially" as used in the '332 Patent is indefinite. The parties stipulate and agree that the Court's finding of indefiniteness invalidates all asserted claims of the '332 Patent.

9. In the Claim Construction Order, the Court determined that the term "control" is "means plus function" and that the specification does not disclose any corresponding structure. Accordingly, the Court concluded that the term "control" is indefinite. The parties stipulate and agree that the Court's finding of indefiniteness invalidates all asserted claims of the '332 Patent.

10. In the Claim Construction Order, the Court determined that the "data gathering and transmission element" is limited to the structure disclosed in U.S. Patent No. 5,177,348. The parties stipulate and agree that the Court's determination precludes a finding of infringement, either literally or under the doctrine of equivalents, of any of the asserted claims of the '332 Patent because none of defendants' products include the "data gathering and transmission element" as construed by the Court.

11. Based on the Claim Construction Order, the parties stipulate and agree to the entry of final judgment of invalidity and non-infringement of the asserted claims of the '917 and '332 Patents with respect to all accused products.

12. Defendants stipulate to the dismissal without prejudice of their counterclaims seeking declaratory judgment of non-infringement and invalidity of the '917 and '332 Patents. Defendants further stipulate to the dismissal without prejudice of their defenses. In the event of a remand from the U.S. Court of Appeals for the

Federal Circuit, defendants shall have the right to revive their counterclaims and defenses. Nothing in defendants' stipulations shall preclude defendants from appealing any ruling that they could have appealed had this order not been entered.

13. Defendants reserve all rights regarding non-infringement and invalidity, including, without limitation, arguments related to claim constructions of the '917 and '332 Patents. Defendants do not concede that either the Court's construction or plaintiff's proposed construction of any term affects or precludes defendants' non-infringement or invalidity positions for those terms. Defendants expressly reserve their arguments and positions related to other terms construed by the Court.

14. By stipulating to the entry of final judgment of invalidity and non-infringement of the asserted claims of the '332 and '917 Patents, plaintiff does not concede that defendants are entitled to prevailing party status.

15. The parties reserve their rights to raise on appeal any issues concerning claim interpretation and/or indefiniteness that were raised in this Court, including any issues raised in the Court's Claim Construction Order.

16. The parties reserve all rights and arguments regarding any post-judgment claims or motions, including motions relating to an "exceptional case" determination under 35 U.S.C. § 285, motions for sanctions, and motions for attorneys' fees.

Based on the Claim Construction Order, the parties' stipulations, and the Court's findings of fact, the Court **ORDERS** as follows:

A. The Joint Motion for Entry of Final Judgment of Invalidity and Non-Infringement of the '917 and '332 Patents and to Dismiss All Counterclaims [Docket No. 198] is granted;

B. Claims 125, 126, 130, and 132 of the '332 Patent are invalid;

C. The accused products do not infringe claims 125, 126, 130, and 132 of the '332 Patent;

D. Claims 27, 32, 39, 67, 68, and 70 of the '917 Patent are invalid;

E. The accused products do not infringe claims 27, 32, 39, 67, 68, and 70 of the '917 Patent;

F. The complaints filed in Case Nos. 13-cv-00840, 15-cv-01743, and 15-cv-02135 are dismissed;

G. Defendants' counterclaims with respect to the '332 Patent in Case Nos. 13-cv-00840, 15-cv-01743, and 15-cv-02135 are dismissed without prejudice;

H. Defendants' counterclaims with respect to the '917 Patent in Case Nos. 13-cv-00840, 15-cv-01743, and 15-cv-02135 are dismissed without prejudice.

I. The determination of taxation of costs pursuant to D.C.COLO.LCivR 54.1 shall be deferred pending appeal.

DATED September 13, 2018.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge